**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHELLE INGRID WALLACE<br>4307 Hatties Progress Drive<br>Bowie, MD 20720<br><br>   Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Serve On: Todd Blanche<br>Acting US Attorney General – Dept of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>Serve On: Kelly O. Hayes,<br>US Attorney – Dept of Justice<br>36 S. Charles St., 4th FL<br>Baltimore, MD 21201<br><br>   Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiff, Michelle Ingrid Wallace, by and through her attorneys, Benjamin S. Salsbury, Esq., Dylan R. Elliott, Esq., and Salsbury Stringer McCulley, LLC, hereby sues the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680, and states as follows:

1.     The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

2.     Venue for this claim is proper in the United States District Court for the District of Maryland.

3.     The United States District Court for the District of Maryland has personal and subject matter jurisdiction over Defendant.

1

4. Plaintiff Michelle Wallace resides in Bowie, Maryland.

5. At all times relevant hereto, Defendant, The United States of America, owned, controlled, and operated a medical facility known as the VA Maryland Health Care System – Baltimore VA Medical Center ("Baltimore VA Medical Center") offering medical and other related services to the members of The United States of America's armed forces, as well as family members and other individuals sponsored by members of the armed forces. In such capacity and practice, The United States of America's agents, apparent agents, servants, and employees, medical staff and consultants, including but not limited to Dr. Matin K. Slodzinski, M.D., held themselves out as practicing ordinary standards of medical care and, as such, owed a duty to Michelle Wallace to render and provide health care within the ordinary standards of medical care, and to exercise reasonable skill and care in the selection of its personnel to provide competent physicians, physician's assistants, technicians, nurses, surgeons and other medical personnel possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and skill to the practice of medicine, and to supervise and provide its patients with diagnostic and medical services and treatment commensurate with the condition from which the patient suffers and for which patient entered said medical facility.

6. At all relevant times, Martin K. Slodzinski, M.D., was a physician offering medical and other related services to the general public and held himself out to the Plaintiff as an experienced, competent, and able physician, possessing the degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practices of anesthesiology. At all times hereinafter set forth Dr. Slodzinski was an agent, actual or apparent; servant; and/or employee of Defendant The United States of America.

7.    Plaintiff Michelle Wallace submitted a Standard Form 95 to Veterans Health Administration ("VHA") on June 24, 2025. VHA received and confirmed receipt of Plaintiff's claim on July 1, 2025.

8.    More than six months have elapsed since Plaintiff Michelle Wallace filed her claim without a final disposition by the federal agency. That is a final denial of Plaintiff Wallace's claim. 28 U.S.C. §2675.

## COUNT 1
## NEGLIGENCE

9.    Plaintiff incorporates Paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10.    On July 19, 2023, Ms. Wallace presented to the Baltimore VA Medical Center for a routine video-assisted thorascopic surgery ("VATS") biopsy to evaluate an inflammatory lung nodule. The procedure was scheduled to be performed by Dr. Alexander Krupnik, M.D., with general anesthesia administered by Dr. Martin K. Slodzinski, M.D.

11.    Prior to the procedure, Dr. Slodzinski conducted a pre-anesthesia evaluation. He classified Ms. Wallace as ASA Class 3 and assigned a Mallampati score of IV, indicating she had a difficult airway for intubation.

12.    In the operating room, Dr. Slodzinski attempted to intubate Ms. Wallace but had difficulty securing her airway. He made multiple unsuccessful intubation attempts before eventually succeeding.

13.    After intubation was achieved, Ms. Wallace immediately developed acute hypotension and respiratory failure. In response, Dr. Krupnik performed a bronchoscopy, which revealed pulmonary edema. Ms. Wallace then experienced an acute deterioration during the procedure, progressing to respiratory failure and cardiac arrest.

14.    Following resuscitative efforts, Ms. Wallace was stabilized and subsequently transferred to the University of Maryland medical Center ("UMMS") for a higher level of care.

15.    During her transport, Ms. Wallace remained critically ill, with persistent and severe hypoxemia despite ventilatory support.

16.    Upon her arrival at UMMS, Ms. Wallace was admitted to the Intensive Care Unit in critical condition, requiring advanced life support measures, including mechanical ventilation, vasopressor support, and extracorporeal membrane oxygenation (ECMO).

17.    Subsequent evaluation at UMMS revealed that Ms. Wallace had sustained significant pulmonary injury, including a hole in her lung, along with other serious complications directly related to her respiratory failure, cardiac arrest, and the events surrounding her perioperative care.

18.    Ms. Wallace was admitted to UMMS for over a month. Initially she was admitted to the Shock Trauma Unit. She was transferred to the SICU on July 23, 2023. While in the SICU, Ms. Wallace continued to fail spontaneous breathing trials ("SBT"). Healthcare providers ultimately performed an open tracheostomy on August 4, 2023. A tracheostomy is an opening cut in the front of the neck to help a patient breathe. She was transferred to the IMC on August 7, 2023. Over the next several weeks her condition slowly improved, although she continued failing various assessments, including a fiberoptic endoscopic evaluation of swallowing ("FEES"). Ultimately, she became well enough to discharge. UMMS discharged her on August 22, 2023. She still had a tracheostomy stoma at that time.

19.    Plaintiff Michelle Wallace alleges that Defendant, The United States of America, by and through its nurses, nurse practitioners, physicians, including Dr. Martin K. Slodzinski,

M.D., physician's assistants, agents, servants, and/or employees, were negligent and careless in that they:

    a.    Used inappropriate and excessive force to intubate Ms. Wallace;

    b.    Failed to use appropriate equipment to intubate Ms. Wallace, who had a difficult airway;

    c.    Inappropriately tried several attempts to intubate Ms. Wallace;

    d.    Failed to recognize repeated attempts at intubation were causing swelling and edema;

    e.    Otherwise failed to intubate Ms. Wallace within the standard of care; and

    f.    Were otherwise negligent.

20.    The negligence of the Defendant and their agents, actual and apparent, employees, and servants was the direct and proximate cause of, and substantial contributing factor to, Ms. Wallace's prolonged and complicated medical diagnoses. Plaintiff's damages include, but are not limited to, permanent vocal cord paralysis due to prolonged contact with endotracheal tubes on July 19, 2023; pulmonary aspiration; hypertension; nerve damage in her right hand and shoulder and left side of her rib cage; vascular and nerve damage in her neck; and clinical depression, along with other injuries.

21.    The negligence of Defendant and their agents, actual and apparent, employees, and servants, was the direct and proximate cause of financial injury to Ms. Wallace, including past, present, and future medical expenses, past, present, and future loss of earnings, and other pecuniary losses.

22.    The negligence of Defendant and their agents, actual and apparent, employees, and servants, was the direct and proximate cause of Ms. Wallace's mental anguish and emotional pain and suffering.

23.    Plaintiff Michelle Wallace states that all the injuries, damages, and losses complained of in this Complaint were caused solely by the negligence of Defendant and their agents, actual and apparent, employees, and servants, without any negligence on the part of Ms. Wallace contributing.

Wherefore, Plaintiff, Michelle Wallace, claims damages against Defendant, The United States of America, by and through its nurses, nurse practitioners, physicians, including Dr. Martin K.Slodzinski, M.D., physician's assistants, agents, servants, and/or employees, in an amount over Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial.

Respectfully Submitted:

Date: 6/26/26

/s/ Benjamin S. Salsbury
Benjamin S. Salsbury Fed. Bar #28850
Dylan R. Elliott Fed. Bar #30324
SALSBURY STRINGER McCULLEY, LLC
100 N. Charles Street, Suite 900
Baltimore, MD 21201
P: 443-869-3920 * F: 443-835-2678
bsalsbury@ssm-lawyers.com
delliott@ssm-lawyers.com
**Attorneys for Plaintiff**